UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLARK GRAY                                                                PLAINTIFF

V.                               No. 4:18CV00809-JM-JTR

PULASKI COUNTY REGIONAL
DETENTION FACILITY, *et al.*                                   DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Clark Gray ("Gray") is a pretrial detainee in the Pulaski County Regional Detention Facility ("PCRDF"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights.

*Docs. 2 & 5.* Before Gray may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

In his original Complaint, Gray alleged that Defendant PCRDF and an indeterminate number of unnamed Doe Defendants[2] subjected him to inhumane conditions of confinement because of the presence of black mold in the showers, the ceiling registers, and the air ducts in the R Unit of the PCRDF. According to Gray, even though the showers, registers and vents were recently cleaned, the mold had already returned. He alleged that the "toxic" mold posed a safety hazard and made it hard to breathe. *Doc. 2.*

On November 6, 2018, the Court entered an Order informing Gray that his Complaint was deficient because: (1) the PCRDF was not a legal entity that could be sued in a § 1983 action; (2) he was required to name *individuals* who were responsible for the alleged constitutional violations; and (3) his case could not proceed until he identified at least one of the individual Doe Defendants listed in his

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2]He listed the Doe Defendants as "Sheriff, Mjr, Cpt, Lt, etc." *Doc. 2 at 1.*

Complaint. *Doc. 4 at 2*. The Court further ordered Gray to file an Amended Complaint that:

> (1) names individual Defendants who allegedly violated his constitutional rights; (2) states specific facts about how *each* of those Defendants *personally* participated in exposing him to black mold, *including dates, times and places*, if applicable; (3) describes *how long* he was exposed to black mold in the PCRDF and how he was *personally* harmed by that exposure; and (4) explains why he has named Defendants in both their individual and official capacities.

*Id. at 2-3* (emphases added).

On December 3, 2018, Gray filed an Amended Complaint. *Doc. 5*. That pleading corrects none of the deficiencies outlined by the Court. Instead, the Amended Complaint states in its entirety:

> There [is] black mold in the vent [in the] showers on the ceiling and the return vent of the cells and the return vents do not come off. They can't be cleaned and it [is] still very hard to breath[e] smelling that black mold.

*Id. at 4*. In the section for listing Defendants, Gray identifies *no individuals or entities,* leaving the entire section blank. *Id. at 1-2*. For the following reasons, the Court finds that, even reading his Complaint and Amendment together, and giving those pleadings a liberal construction,[3] Gray has failed to state a claim upon which relief may be granted.

---

[3] *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

First, the only named Defendant in the original Complaint was the PCRDF. As previously explained to Gray, it is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 Fed. Appx. 695, 695 (8th Cir. 2008). Accordingly, the PCRDF is not a proper Defendant.

Second, rather than identifying at least one of the individual Doe Defendants – as directed by the Court and as required for his case to proceed – Gray's Amended Complaint names *no Defendants whatsoever. Doc. 5 at 1-2*. Gray provides no further information to identify, or enable the United States Marshal to effectuate service upon, any of the Doe Defendants, who are unnamed and indeterminate in number. *See Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (affirming dismissal of "various other John Does to be named when identified"); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide a proper service address for each defendant); *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985) (dismissal of a "John Doe" defendant named by a plaintiff proceeding *in forma pauperis* is proper when it appears that the true identity of the defendant cannot be learned); Fed. R. Civ. P. 4(m) (requiring dismissal of defendants who are not served within ninety days of the filing of the complaint).

More fundamentally, however, Gray has not offered sufficient allegations of personal involvement on the part of any Doe Defendant, or any other individual. *See Iqbal,* 556 U.S. at 676 & 678 (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"; complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Gray does not allege any facts suggesting that any of the previously named Doe Defendants, or any other individual, was personally involved, in or directly responsible for, the alleged deprivations he endured.

Finally, despite the Court's specific instructions, the Amended Complaint gives no dates or times, and does not explain how Gray was harmed by the allegedly unconstitutional conditions or how long he was exposed to those conditions. The "Constitution does not mandate comfortable prisons," and only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a § 1983 claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Thus, a detainee presents a viable inhumane conditions of confinement claim only if he alleges that

he was subjected to conditions that pose "a substantial risk of serious harm to his health or safety." *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). The length of time that a prisoner is subjected to the allegedly unconstitutional conditions is a "critical factor" in the analysis. *Id.* at 269; *see also Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994). Moreover, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although specifically instructed by the Court to provide details about his alleged exposure to black mold and who was responsible for that condition, Gray did not provide any facts suggesting that he was subjected to an "extreme" deprivation that denied him the "minimal civilized measure of life's necessities," or that any individual was personally aware of and disregarded a substantial risk of serious harm to Gray's health or safety. Under these circumstances, Gray has failed to plead a viable claim for relief. *See Iqbal,* 556 U.S. at 678 (explaining that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient

6

factual matter, accepted as true, to state a claim for relief that is plausible on its face").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Gray's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE