UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CLARK GRAY**                                                                                           **PLAINTIFF**

V.                                           No. 4:18CV00809-JM-JTR

**PULASKI COUNTY REGIONAL
DETENTION FACILITY,** *et al.*                                                                **DEFENDANTS**

# ORDER

The Court has reviewed the Recommendation submitted by United States Magistrate Judge J. Thomas Ray and the filed objections.[1] After carefully considering these documents and making a *de novo* review of the record in this case, the Recommendation is approved and adopted in its entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1. The Complaint and Amended Complaint (Docs. 2 & 5) are DISMISSED

---

1 Plaintiff's objection, docket # 7, identifies Sheriff Doc Holladay. First, Sheriff Holladay is no longer the sheriff of Pulaski County, Arkansas. Further, to the extent that Gray seeks to hold the Sheriff liable because of his supervisory positions, it is well settled that a supervisor may not be held vicariously liable, in a § 1983 action, for the constitutional violations of a subordinate on a respondeat superior theory. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "vicarious liability is inapplicable to … § 1983 suits"); Saylor v. Nebraska, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (to establish supervisory liability, prisoner must allege "specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights"); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that "[i]t is well settled that respondeat superior is not a basis for liability" under § 1983; and the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Finally, Plaintiff failed to state the additional facts, dates, times and places required in order to proceed on his claim.

WITHOUT PREJUDICE for failing to state a claim upon which relief may be granted.

2. Dismissal is a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

Dated this 5th day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE